**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas (SBN 178444)
Shaun Markley (SBN 291785)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: smarkley@nicholaslaw.org

**GLICK LAW GROUP, PC**
Noam Glick (SBN 251582)
Kelsey McCarthy (SBN 305372)
225 Broadway, Suite 2100
San Diego, California 92101
Telephone: (619) 382-3400
Facsimile: (619) 615-2193
Email: noam@glicklawgroup.com
Email: kelsey@glicklawgroup.com

Attorneys for Plaintiff
Kim Embry

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM EMBRY, an individual, | CASE NO.: 3:17-cv-01989-JAH-BGS |
| Plaintiff, | **PLAINTIFF KIM EMBRY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE** |
| vs. | |
| COQUETTE INTERNATIONAL, INC., an Ontario corporation; AMAZON.COM, INC., a Delaware corporation, and DOES 1 through 100, inclusive, | **Date:** December 4, 2017<br>**Time:** 2:30 p.m.<br>**Courtroom:** 13B |
| Defendant. | **Judge**: Hon. John A. Houston<br>**Magistrate**: Hon. Bernard G. Skomal |
| | **Removal Filed**: September 27, 2017<br>**Trial Date**: None Set |

1                                                3:17-CV-01989-JAH-BGS
PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO TRANSFER VENUE

## I. INTRODUCTION

Plaintiff filed this matter in the Superior Court of the State of California, County of San Francisco on May 25, 2017. *See* ECF Nos. 1-2, at 6. On September 27, 2017, Defendant Coquette International, Inc. ("Coquette" or "Defendant") removed this matter to the United States District Court for the Southern District of California. *See* ECF No. 1. Defendant removed pursuant to Title 28 of the United States Code, Sections 1332(a), 1441(b), and 1446. *Id.*

While Plaintiff does not challenge Defendant's ability to remove this case to federal court, she requests that this Court transfer this case to the proper federal court: the Northern District. United States Code, title 28, Section 1446(a) expressly requires a defendant desiring removal to file in the district and division where the matter is pending. San Francisco is in the Northern District. *See* http://www.cand.uscourts.gov/jurisdictionmap.

Plaintiff brought this issue to Defendant's attention, along with the supporting authority contained in this motion, and requested that Defendant change venue to the Northern District. Defendant noted its disagreement and invited Plaintiff to bring the present motion. (*See* Declaration of Shaun Markley ("Markley Dec."), ¶ 2, Ex. A.) Plaintiff seeks recovery of attorneys' fees and costs pursuant to United States Code, Title 28, Section 1447 which permits "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the [improper] removal."

## II. ARGUMENT

### A. The Proper District for this Matter Is the Northern District

The statute authorizing Defendant to remove this case to federal court also requires that it be removed to the district and division where the state court matter is pending. That district is the Northern District. This case should be transferred there now.

In relevant part, 28 U.S.C. Section 1446 reads as follows:

> (a) Generally. – A defendant or defendants desiring to **remove** any civil action from a State court shall file in the **district court of the United States for the district and division within which such action is pending** a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action. (emphasis added)

Courts readily enforce this straightforward requirement to remove to the district encompassing the location where the state court case is pending. *See, e.g., Kreimerman v. Casa Veerkamp, S.A. de C.V.* 22 F.3d 634, 644 (5th Cir. 1994) ("A defendant who wants to remove a civil action from a state court to a federal district court must 'file in the district court of the United States for the district and division within which such action is pending a notice of removal. . . .'")

It is equally true that the district court has the authority to transfer venue. *Kreimerman* held that "removal to the wrong division is procedural" and may be cured by the district court via transfer to the proper district. *Id.*

As noted above, Plaintiff filed this case in state court, San Francisco County. San Francisco County is located in the territory of the Northern District. As such, Defendant should have removed to the Northern District. This procedural error can and should be cured by this Court via a transfer to the correct district. Plaintiff requests that the Court execute that transfer at this time.

**B. Plaintiff Is Entitled to Attorney Fees and Costs**

Plaintiff informed Defendant that the Southern District was improper under 28 U.S.C. section 1446 and requested that Defendant change venue to the Northern District. Defendant noted its disagreement, provided no authority in support, and invited Plaintiff to bring the present motion. (*See* Markley Decl., ¶ 2, Ex. A.) Plaintiff seeks recovery of attorney fees and costs pursuant to United States Code, Title 28, Section 1447 which permits "payment of just costs and any actual

expenses, including attorney fees, incurred as a result of the [improper] removal." An attorneys' fee award is particularly appropriate here, where it is apparent on its face that Defendant removed improperly for tactical reasons in order to avoid the Northern District.

Plaintiff has incurred and estimates that she will incur $2,640 at the conclusion of this motion (*see* Markley Decl., ¶ 3) and asks this Court to award this amount along with its Order transferring venue to the Northern District.

## III. CONCLUSION

In light of Defendant's removal to the incorrect district court, Plaintiff asks this Court to transfer venue to the Northern District. Plaintiff seeks her attorney's fees and costs incurred in connection with this motion.

Respectfully submitted:

Dated: October 27, 2017	**NICHOLAS & TOMASEVIC, LLP**

By:	*/s/ Shaun Markley*
Craig M. Nicholas (SBN 178444)
Shaun Markley (SBN 291785)
**NICHOLAS & TOMASEVIC, LLP**
225 Broadway, Floor 19
San Diego, California 92101
Telephone: (619) 325-0492
Facsimile: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: smarkley@nicholaslaw.org

**GLICK LAW GROUP**
Noam Glick (SBN 251582)
Kelsey McCarthy (SBN 305372)
225 Broadway, Suite 2100
San Diego, California 92101
Telephone: (619) 382-3400
Facsimile: (619) 615-2193
Email: noam@glicklawgroup.com
Email: kelsey@glicklawgroup.com

Attorneys for Plaintiff